MODESTO APONTE HERNÁNDEZ, Plaintiff and Appellee, *v.* JEROME WALLER & Co., INC., Defendant and Appellant.

No. 4963.   Argued March 14, 1930.—Decided May 7, 1931.

*Frazer & Castro Fernández* for appellant.   *Luis Mendín Sabat* for appellee.

MR. JUSTICE TEXIDOR delivered the opinion of the Court.

Modesto Aponte Hernández sued Jerome Waller & Co., Inc., to recover $739.37 together with costs, expenses, and attorney's fees. The defendant filed an answer, in which it

denied the essential averments in the complaint, and a cross-complaint claiming the sum of $47.49. The plaintiff filed an answer to the cross-complaint.

The case was tried before the District Court of Humacao, which gave judgment for the plaintiff in the sum of $739.37 and dismissed the cross-complaint.

The following paragraphs are transcribed from the opinion of the district court:

"The first question that arises in this case is as to the construction and scope to be given to the said contract of employment.

"There is no doubt whatever, and it is admitted by both parties, that the defendant, through its agent Alvarez, had engaged the plaintiff to buy tobacco on a commission basis of $2.00 per each hundred-weight (*quintal*).

"It appears from the pleadings and the evidence herein, that some tobacco amounting to 393.43 hundredweights was purchased from Julio Muñoz Dieppa, and it is alleged by the defendant that the plaintiff was not entitled to any commission on such purchase because the transaction had been carried out directly and without the intervention of the plaintiff, Aponte.

"This is the point on which the entire controversy in this case hinges: The evidence shows that, in order to carry out said transaction, Aponte called Alvarez to San Juan; that he went several times with the latter to see the tobacco; that some difficulties arose in completing the transaction because Alvarez only wanted a part of the tobacco, and that Aponte, in order to facilitate the negotiations, called on his friend, Santiago Iglesias, who agreed to take any tobacco that might be refused by Alvarez so as to expedite the transaction and enable Aponte to earn some compensation. In our opinion, such facts, taken as a whole, show that Aponte intervened directly in the transaction; that he promoted it from the beginning, and that he is truly entitled to be compensated for his work, since we can not agree to the statements of the defendant that Aponte only worked to help Alvarez in negotiating and carrying out the business."

The district court, disregarding the designation that the parties or either of them may have given to the contract, has gone into the essential character of the agreement and found it to be a brokerage contract. Such is really the contract involved as shown by the pleadings and the evidence. The

weighing of the evidence on which the court based its findings in this case has not been attacked on the ground of either passion, prejudice, partiality, or manifest error. But if we had to decide as to this point, we would say that such weighing was correct. A reading of the stenographic transcript could hardly lead to any other conclusion than that reached by the district judge.

The appellant seeks to maintain that the defendant commissioned the plaintiff *to buy* tobacco and that it delivered to him $1,200 for that purpose, and that anything that he might buy or attempt to buy above that sum was beyond his authority. We can not agree to this. It appears from the evidence that the first purchases for which the defendant delivered $1,200 exceeded that amount, and the defendant paid the difference.

Nor can we agree to the meaning given by the appellant to the word "purchase". There is a material difference between buying for one's own account and buying for the account of another. In the former case there is no other contract than that of purchase and sale. In the latter case there may be involved, besides, a contract of agency, whether civil or commercial.

The district court saw quite plainly the nature of the problem. The contract here involved was really one of brokerage, and we have no doubt that it is one of commercial agency because a commercial transaction is involved and the principal is a merchant, as appears from the pleadings.

As regards the purchase of 393.43 hundredweights of tobacco from Julio Muñoz Dieppa, the evidence was conflicting and the judge adjusted the conflict in favor of the plaintiff. It has not been alleged that he was moved by passion, prejudice, or partiality, or that he committed manifest error in weighing the evidence.

The errors assigned by the appellant are not sustained by the record.

For the reasons stated the judgment appealed from must be affirmed.